## IN THE COURT OF APPEALS OF TENNESSEE
### MIDDLE SECTION AT NASHVILLE

FILED

Jan. 17, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

TERESA K. ROSS,                                    )
                                                   )
    Plaintiff/Respondent/                          )
      Counter-Petitioner/Appellant,              )
                                                   )
vs.                                                )          No.  01A01-9410-PB-00470
                                                   )          **Davidson County Probate**
WILLIAM P. ROSS,                                   )          No. 90D-3573
                                                   )
    Defendant/Petitioner/                          )
      Counter-Respondent/Appellee.               )


### APPEAL FROM THE PROBATE COURT OF DAVIDSON COUNTY
### AT NASHVILLE, TENNESSEE
### THE HONORABLE JAMES EVERETT


**T. TURNER SNODGRASS**
2300 21st Avenue South
Nashville, Tennessee   37212
Attorney for Plaintiff/Respondent/
Counter-Petitioner/Appellant


**GRAYSON SMITH CANNON**
One NorthChase
1000 NorthChase Drive, Suite 109
P.O. Box 749
Goodlettsville, Tennessee   37070-0749
Attorney for Defendant/Petitioner
Counter-Respondent/Appellee


**REVERSED AND REMANDED**


                                  **ROBERT E. CORLEW, III**
                                    **SPECIAL JUDGE**


**CONCUR:**
**HENRY F. TODD, JUDGE**
**SAM L. LEWIS, JUDGE**

# **O P I N I O N**

From the decision of the Trial Court modifying the final decree of divorce between the parties, terminating payments of spousal support previously ordered to be paid by the husband to the wife, the wife appeals.

The facts present a particularly troublesome situation for the Court. The parties were married for twenty-four years before their divorce, and the evidence shows that from time to time during their marriage the parties enjoyed favorable financial circumstances, and at other times unfavorable financial circumstances. The parties separated, and the husband, who it is acknowledged was engaged in an extra-marital affair with his secretary, sought a divorce. The husband had moved to New York state, but found that he was unable to file for divorce there and feared that he had no ground for divorce in Tennessee. The wife initially chose not to agree to the entry of a decree of divorce, but subsequently, unbeknownst to the husband, began to engage in an extra-marital affair with an attorney who had represented both of the parties at least at one point during their marriage. The wife initially resisted the divorce, but after her relationship developed with the attorney, she contacted the husband, telling him she would agree to the entry of the divorce if it could be done quickly. The Husband, who had been eager to divorce for a lengthy period of time, quickly proceeded to negotiate. The wife hired an attorney who had just completed law school and either had just been licensed or was provisionally licensed, and who worked in the law office of the attorney with whom she was engaged in the affair. This attorney met with the wife on only one occasion, found employment elsewhere, and the divorce was ultimately presented to the Court by the attorney with whom the wife was socially engaged.

In an effort to expedite the granting of the divorce, the wife suggested to the husband that he should hire a Tennessee lawyer who would file an answer for him, thus preventing a wait of thirty days after the filing of the divorce before the final decree could be entered. To this end, the attorney with whom the wife was engaged in the affair contacted another attorney who agreed to serve as counsel for the husband. The record reflects that the husband, then, transmitted a large amount of funds to the escrow account of the wife's attorney for the payment of outstanding bills, and also for payment of the retainer fee for the husband's lawyer. The evidence reflects that the husband's attorney did give him advice, although primarily after the decree of divorce was entered. The

husband and wife agreed upon a marital dissolution agreement which the husband's attorney did not review but which was entered as a part of the decree of divorce.

At issue in this appeal is a provision of the marital dissolution agreement, which provided in part:

> 1.      The parties acknowledge that wife has advanced husband certain monies during their marriage and that husband desires to repay these monies as well as pay to wife monies for their years of marriage.  Husband agrees to pay wife $5,000.00 for each of the twenty-four years of their marriage;  $80,000.00 for the money wife placed into the home at Abbottsford that was foreclosed upon;  $35,000.00 for the money wife placed into the home on Park Avenue, Milan, Tennessee;   and $22,000.00 wife loaned husband's brother and sister in law, for a total of $257,000.00.   Husband agrees to repay the $257,000.00 as alimony in monthly installments of $2,000.00 per month commencing October 15, 1990 with subsequent installments due and payable on or before the 15th of each successive month.  The parties agree that these payments shall continue until the $257,000.00 has been paid in full; that is husband agrees to pay the $2,000.00 for 128 months with the final $1,000.00 due in the 129th month.

Some two weeks after the entry of the final decree of divorce, the wife married her attorney. The husband asserts that the wife concealed her remarriage from him, and on occasions represented to him that she was contemplating marriage to other persons.  It was not until the husband had made thirty-one monthly payments that he was contacted by a representative of the Federal Bureau of Investigation, who was investigating the wife, and from when the husband learned that the wife had in fact married her attorney.

The husband then moved the Trial Court to set aside the decree of divorce, asserting that it was granted upon a fraudulent basis, in that the wife was then engaged in an extra-marital affair and failed to disclose that fact to the husband.   It was the contention of the husband that the wife knew of the affair in which he was engaged, and thus that she had grounds for divorce, but that he knew of no ground that he had for divorce, forcing him to agree to a marital dissolution agreement to which he would not have otherwise agreed had he known that he also had grounds for divorce. The file contains no evidence of any questions falsely answered by the wife, either in depositions, interrogatories, or in open court.  Further, the husband acknowledges that the wife's attorney never provided any advice to him, and never made representations to him.

The husband filed suit seeking the order of the Court setting aside the decree of divorce, or alternatively, modifying the award of spousal support.  The Trial Court, apparently incensed by the conduct of trial counsel, none of whom are involved in this appellate action, granted the petition to

modify support, terminating the award of alimony immediately. We find that the decree was improvidently modified, and we therefore reverse the Trial Court.

We concur, however, with the Trial Court that the conduct of trial counsel in this matter was extremely unfortunate. The unethical behavior of counsel, however, is a collateral issue, and does not affect the merits of this case. Nonetheless, being faced with the unethical actions, it is the duty of this Court to recognize more appropriate behavior which counsel should have followed. The *Tennessee Code of Professional Responsibility* sets forth guidelines which attorneys should follow in the practice of law. Canon 1 of that code provides "a lawyer should assist in maintaining the integrity and confidence of the legal profession." Further, lawyers are encouraged to "maintain high standards of profession conduct." *Tennessee Code of Professional Responsibility*, Ethical Consideration 1-5.

> Lawyers should be ... dignified, and should refrain from all illegal and morally reprehensible conduct. Because of the lawyer's position in society, even minor violations of law by a lawyer may tend to lessen the public confidence in the legal profession.

*Id*. A lawyer should decline to represent an individual where he is emotionally involved with that individual and the intensity of his personal feeling may tend to impair his effective professional representation of that individual. *Tennessee Code of Professional Responsibility*, Ethical Consideration 2-30. Ethical Consideration 5-3 further suggests that a lawyer's judgment may be clouded when he gains an interest in property in which the client also has an interest. *Id*. It is further suggested that

> the possibility of an adverse effect upon the exercise of free judgment by a lawyer on behalf of a client during litigation generally makes it undesirable for the lawyer to acquire a proprietary interest in the cause of a client or otherwise to become financially interested in the outcome of the litigation.

*Tennessee Code of Professional Responsibility*, Ethical Consideration 5-7. One of the Canons of the Code provides that an attorney should avoid even the appearance of professional impropriety. *Tennessee Code of Professional Responsibility*, Canon 9. "Public confidence in law and lawyers may be eroded by irresponsible or improper conduct of a lawyer." *Tennessee Code of Professional Responsibility*, Ethical Consideration 9-2.

The evidence contained herein reflects that the actions of the wife's attorney certainly were questionable, and the independence of the attorney for the husband certainly may be called into

question because of the manner in which he was hired. Unfortunate though these circumstances are, they merely divert our attention from the issues presented in this cause.

Succinctly stated, the issues presented for our review are (1) whether the failure of a divorcing litigant to voluntarily disclose to her spouse the existence of an extra-marital affair, without responding falsely to interrogatories, questions in a deposition, or other discovery matters, combined with the failure of the other party otherwise to learn of the existence of that extra-marital affair, sets forth a ground for modification of a divorce decree subsequently entered, incorporating a marital dissolution agreement entered by the parties; and (2) whether the secret remarriage of a recipient of spousal support, after the entry of the decree of divorce, presents a ground for modification of a decree of divorce, terminating an order for spousal support.

We must recognize initially that in many, many divorces the full spectrum of misconduct of each of the parties is not known to the other. Were we to recognize this as a ground for modification of a final decree of divorce, there would be no end to orders of modification. A former spouse is not entitled to relief from a decree of divorce upon the ground that the former spouse failed to disclose matters of significance, which were not provided through discovery. *Brown v. Brown*, 863 S.W.2d 432, 434 (Tenn. Ct. App. 1993) *perm. app. denied.*

A party moving for post-judgment relief must describe with specificity the basis upon which relief should be granted, and show by clear and convincing evidence that relief from the judgment is warranted. *Duncan v. Duncan*, 789 S.W.2d 557, 563 (Tenn. Ct. App. 1990) *perm. app. denied.* There is no provision of law which requires a party voluntarily to disclose all indiscretions or circumstances of marital infidelity, absent such issues being addressed to the party formally, through permissible discovery procedures. Certainly a different decision is reached where perjured testimony is presented, or withholding of evidence which has been sought occurs. *Id.* There is no evidence, however, in the record before us which reflects that any requests for discovery were ever made, nor was any evidence which was formally requested ever withheld, nor was perjured testimony ever provided.

Similarly, there is no obligation to disclose the fact of remarriage. *Butcher v. Webb*, 869 S.W.2d 336, 338 (Tenn. 1994). Where the actions on the part of a party concealing the fact of remarriage are not made at a time when there is an affirmative duty to notify the former spouse of remarriage, it has been held that these actions do not constitute fraud. *Id.*

5

We must also consider whether the subsequent remarriage of the wife, separate and apart from any allegation of fraud, should justify the termination of her right to continue to receive spousal support. *Tennessee Code Annotated §36-5-101 (a) (3) (1991)* provides as follows:

> In all cases where a person is receiving alimony in futuro and the alimony recipient lives with a third person, a rebuttal presumption is thereby raised that:
>
> > (A)  The third person is contributing to the support of the alimony recipient and the alimony recipient therefore does not need the amount of support previously awarded, and the court therefore should suspend all or part of the alimony obligation of the former spouse; or
> >
> > (B)   The third person is receiving support from the alimony recipient and the alimony recipient therefore does not need the amount of alimony previously awarded and the court therefore should suspend all or part of the alimony obligation of the former spouse.

*Id*. The proof is uncontradicted that the wife remarried immediately after the entry of the decree of divorce. Therefore, if in fact the alimony which she was ordered to receive is alimony in futuro, the rebuttable presumption arises. Alimony in futuro has been defined to continue the support incident to the marital relationship, for an indefinite period of time. *Self v. Self*, 861 S.W.2d 360, 361 (Tenn. 1993); *Isbell v. Isbell*, 816 S.W.2d 735, 738 (Tenn. 1991); *Brewer v. Brewer*, 869 S.W.2d 928, 935 (Tenn. Ct. App. 1993) *perm. app. denied.* This presumption may be overcome, however, when there is a showing that the recipient of the spousal support award is still in need of support, despite her new relationship. *Azbill v. Azbill*, 661 S.W.2d 682, 686 (Tenn. Ct. App. 1993) *perm. app. denied.* We first find that the alimony awarded herein is not alimony in futuro, and thus not subject to the statutory presumption. The payments discussed in the marital dissolution agreement between these parties do not meet the definition of alimony in futuro. Further, were the statutory presumption to arise, as asserted by the Appellee, then we find that the factual circumstances presented in this cause show that the wife, despite her remarriage, continues to be in need of spousal support. Testimony concerning this issue, presented by the wife's current husband, shows that she is separated from her husband, and receives no income from him. Further, it was introduced that she has been convicted under provisions of federal law, and was sentenced to serve a brief period of time in federal prison, and was placed on probation for a lengthy period of time. Given these factual circumstances, we cannot find that the wife's need for support has ceased.

If, rather than alimony in futuro, the spousal support ordered is considered to be rehabilitative alimony, then under current law, this support remains subject to the continued orders of the Court.

*Tennessee Code Annotated §*36-5-101 (d) (2) (1991). Due to the failure of the wife to be rehabilitated, however, as demonstrated by the facts cited above, we find it to have been an abuse of discretion for the Honorable Trial Court to modify the support award.

Finally, upon close examination of the marital dissolution agreement incorporated into the decree of divorce, we must consider that the language contained therein appears to recognize that a substantial sum of the total payments ordered to be paid by the husband to the wife, although denominated alimony within the marital dissolution agreement, actually was not alimony at all, but in the nature of property division. Certainly the payments to the wife in contemplation of funds which she had expended in purchases of residences and loans to the husband's family members, where properly repaid to the wife, constitute divisions of property, and not payments of support. Where sums of money are paid by one spouse to another in consideration of the division of property, a court should not subsequently modify those payments as they remain contractual in nature. *Towner v. Towner*, 858 S.W.2d 888, 890 (Tenn. 1993). Although the husband testified that he did not concern himself with the precise language of the marital dissolution agreement, leaving such wording to his wife, it is difficult to find that payment to the wife of "$22,000.00 for the money wife loaned husband's brother and sister in law" and "$35,000.00 for the money wife placed into the home on Park Avenue" is not a division of property. In fact, only $120,000, representing "$5,000 for each of the 24 years of their marriage" appears to be in the nature of alimony.

We therefore find that it is not proper to modify the decree of divorce, and we reverse the decision of the Trial Court. Payments of spousal support from the husband to the wife shall be resumed immediately, and shall continue at the monthly rate provided by the marital dissolution agreement until paid in full.

This cause is remanded to the Trial Court for further proceedings consistent with the terms of this Opinion. Costs of appeal must be borne by the Appellee.

_____
_____ROBERT E. CORLEW, III, SPECIAL JUDGE

7

CONCUR:

_____

HENRY F. TODD, JUDGE

_____

SAM L. LEWIS, JUDGE

**IN THE COURT OF APPEALS OF TENNESSEE**
**MIDDLE SECTION AT NASHVILLE**

_____

| | |
|---|---|
| **TERESA K. ROSS,** | ) |
| | ) |
| Plaintiff/Respondent/ | ) |

8

|  | )  |  |
|---|---|---|
| Counter-Petitioner/Appellant, | ) | |
| | ) | |
| vs. | ) | **No.  01A01-9410-PB-00470** |
| | ) | **Davidson County Probate** |
| **WILLIAM P. ROSS**, | ) | |
| | ) | |
| Defendant/Petitioner/ | ) | |
| Counter-Respondent/Appellee. | ) | |

### JUDGMENT

_____This cause came on further to be considered by the Court upon the notice of appeal filed by the Plaintiff, and upon the briefs of both parties, the arguments of counsel, and upon the entire record in this cause, from all of which the Court finds that the judgment of the Trial Court should be reversed, and that the decree of divorce originally entered by the Trial Court should not be modified, but should remain in force as originally issued.

IT IS THEREFORE ORDERED that the judgment of the Trial Court is reversed, and the cause is remanded for further proceedings consistent with the Opinion of this Court.  Costs of appeal are taxed against the Appellee.

_____ROBERT E. CORLEW, III, SPECIAL JUDGE

_____HENRY F. TODD, JUDGE

_____SAM L. LEWIS, JUDGE