IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 12, 2001 Session

## JEROME FELIX HAVELY v. ALMEDA MATTHEWS HAVELY

**Appeal from the Domestic Relations Court for Hamblen County**
**No. 1176      Joyce Ward, Judge**

### FILED AUGUST 15, 2001

### No. E2000-02275-COA-R3-CV

In 1983, Jerome Felix Havely and Almeda Matthews Havely were divorced. They had entered into a Property Settlement Agreement which was incorporated into the Judgment of Divorce ("Divorce Judgment"). Neither the Divorce Judgment nor the Property Settlement Agreement mentioned the military pension of Jerome Felix Havely ("Plaintiff"). Approximately one month after the entry of the Divorce Judgment, Almeda Matthews Havely ("Defendant") filed a motion essentially seeking relief under Tenn. R. Civ. P. 60.02 in which she alleged that the Divorce Judgment should be set aside because she had not been aware of her entitlement to Plaintiff's military pension. This motion was dismissed in 1984 by the Trial Court for failure to prosecute. This matter lay dormant for fourteen plus years until Defendant filed two more Rule 60.02 motions. Defendant's third and final Rule 60.02 motion, filed in 1999, is the subject of this appeal. After three notices of hearing were filed, the Trial Court dismissed Defendant's motion without providing its reasons for the dismissal. Defendant appeals. We affirm.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Domestic Relations Court Affirmed.**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and HERSCHEL P. FRANKS, J., joined.

David W. Blankenship, Kingsport, Tennessee, for the Appellant, Almeda Matthews Havely.

Clinton R. Anderson, Morristown, Tennessee, for the Appellee, Theresa Waller, administratrix for the Estate of Barbara Havely.

## OPINION

## Background

The record on appeal in this matter contains only the technical record and is devoid of any transcript or statement of the evidence or proceedings. *See* Tenn. R. App. P. 24. In 1983, the parties obtained a divorce. Plaintiff filed his Complaint for divorce on April 26, 1983, and Defendant filed her Answer on the same date. In an apparent clerical error, the entry date of the Divorce Judgment was marked as *"April* 16, 1983." (emphasis added). The Divorce Judgment incorporated by reference an undated Property Settlement Agreement executed by both parties and their attorneys. The Property Settlement Agreement makes no mention of Plaintiff's military pension but states that "[t]he parties hereby declare that there has been no fraud or collusion in the procurement of this agreement." No appeal was taken.

Thereafter, in June 1983, Defendant, represented by new counsel, filed a Petition to Rehear ("1983 Motion") which was essentially a Rule 60.02 motion for relief from the Divorce Judgment. The grounds for Defendant's 1983 Motion were that Defendant did not learn of her entitlement to Plaintiff's military pension until May 15, 1983, the day before the Divorce Judgment was entered.[1] In her Motion, Defendant alleged, without any supporting affidavit, that she had not been aware of her entitlement to Plaintiff's pension but that Plaintiff had told her that he knew she was entitled to the pension. Thereafter, in March 1984, the Trial Court dismissed the 1983 Motion for failure to prosecute. No appeal was taken.

The next pleading contained in the technical record was filed in August 1998, more than fourteen years after the March 1984 order, and is Defendant's Motion for Relief from Judgment ("1998 Motion"). In Defendant's 1998 Motion, Defendant argued that the Divorce Judgment was void under Tenn. R. Civ. P. 60.02(3). The 1998 Motion contains a number of grounds, including 1) the Divorce Judgment was erroneously entered by the Trial Court clerk on April 16, 1983; 2) the Divorce Judgment erroneously states that a hearing was held; and 3) the Trial Court erroneously granted Plaintiff's grounds for divorce, which was cruel and inhumane treatment.[2]

In December 1998, the Trial Court entered an Order which referenced a November 20, 1998, hearing regarding Defendant's 1998 Motion in which one of Defendant's former attorneys and the court clerk testified. The Trial Court held, in its Order, that the Divorce Judgment should

---

[1] The clerical error in entering the Divorce Judgment as of April 16, 1983 was not addressed by Defendant in the 1983 Motion.

[2] At some point during the 14 plus year lapse in activity in this matter, Plaintiff died. Defendant's 1998 Motion alleges that she filed a claim against Plaintiff's estate. After Defendant's 1998 Motion was filed, Plaintiff's widow, Barbara Havely, filed a Petition to Intervene which was granted in November 1998. Thereafter, while this matter was pending on appeal, Barbara Havely died and the administratrix of her estate, Theresa Waller, was allowed to substitute as party appellee. For simplicity's sake, we will refer to Jerome Felix Havely, Barbara Havely and Barbara Havely's estate's administratrix as "Plaintiff."

have been dated *May* 16, 1983, and assessed costs against Defendant. The remaining grounds of Defendant's 1998 Motion were not addressed in the Trial Court's 1998 Order ("1998 Order"). No appeal was taken from this order.

In November 1999, Defendant filed a third Rule 60.02 motion attacking the Divorce Judgment ("1999 Motion"). This 1999 Motion and its dismissal is the subject of this appeal. In her 1999 Motion, Defendant reiterated the objections to the Divorce Judgment made in her previous motions filed in 1983 and 1998. As in her 1983 Motion, Defendant alleges that the Divorce Judgment should be set aside because Plaintiff fraudulently concealed Defendant's entitlement to his military pension, citing as authority the "entire range of relief available to her under Rule 60.02 . . . ." Moreover, despite the Trial Court's 1998 Order which corrected the erroneous date of entry on the Divorce Judgment, Defendant specifically pled the relief provided by Tenn. R. Civ. P. 60.02(3) for void judgments and again argued the Divorce Judgment's date of entry shows that the divorce was entered prior to the filing of the Divorce Complaint.

Defendant filed a Notice of Hearing with her 1999 Motion setting a January 2000, hearing date. The 1999 Motion apparently was not heard in January 2000. The technical record contains two more Notices of hearing apparently issued by the Trial Court clerk for the 1999 Motion, setting two hearing dates in August. After the two hearing dates passed, presumably without a hearing, the Trial Court entered an Order of Dismissal which contained no explanation for the dismissal. Defendant appeals. We affirm.

## Discussion

Defendant's argument on appeal is rather unclear, and she cites no legal authority in support of her argument. *See* Tenn. R. App. P. 27(a)(7). Although not exactly stated as such, it appears that Defendant argues on appeal that: 1) the divorce judgment should be set aside under Tenn. R. Civ. P. 60.02(2) or 60.02(3); 2) the Trial Court erred in failing to investigate the fraudulent concealment of Plaintiff's military pension; 3) the Trial Court erred in dismissing Defendant's 1999 Motion without any notice to either party; and 4) Defendant's due process rights were violated by the Trial Court's dismissal of the 1999 Motion without a hearing. Plaintiff raises no additional issues on appeal but contends that Defendant's appeal is frivolous.

"A motion for relief from a judgment pursuant to Rule 60.02 addresses the sound discretion of the trial judge[, and] the scope of review on appeal is limited to whether the trial judge abused his discretion." *Banks v. Dement Constr. Co., Inc.,* 817 S.W.2d 16, 18 (Tenn. 1991). A discretionary judgment of the Trial Court will not be reversed for abuse of discretion unless it "'affirmatively appears that the Trial Court's decision was against logic or reasoning, and caused an injustice or injury to the party complaining.'" *Marcus v. Marcus,* 993 S.W.2d 596, 601 (Tenn. 1999) (quoting *Ballard v. Herzke*, 924 S.W.2d 652, 661 (Tenn. 1996)).

Tenn. R. Civ. P. 60.02 provides, in pertinent part, the following:

On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons:

(2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(3) the judgment is void . . .

The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken.

To set aside a judgment under Rule 60.02, the moving party has the burden to prove "that he is entitled to relief, and there must be proof of the basis on which relief is sought." *Banks v. Dement Constr. Co., Inc.,* 817 S.W.2d at 18; *Federated Ins. Co. v. Lethcoe*, 18 S.W.3d 621, 624 (Tenn. 2000). The moving party must establish by clear and convincing evidence that relief from the judgment is warranted. *Duncan v. Duncan*, 789 S.W.2d 557, 563 (Tenn. Ct. App. 1990).

"Rule 60.02 'was designed to strike a proper balance between the competing principles of finality and justice.'" *Banks v. Dement Constr. Co.*, 817 S.W.2d at 18 (quoting *Jerkins v. McKinney*, 533 S.W.2d 275, 280 (Tenn. 1976)). Our Supreme Court, in examining the purpose of Tenn. R. Civ. P. 60.02, held as follows:

"Rule 60.02 acts as an escape valve from possible inequity that might otherwise arise from the unrelenting imposition of the principle of finality imbedded in our procedural rules . . . ." Because of the importance of this "principle of finality," the "escape valve" should not be easily opened.

*Id. (*quoting *Toney v. Mueller Co.*, 810 S.W.2d 145, 146 (Tenn. 1991).

In this matter, the determinative issue on appeal is whether the Trial Court abused its discretion in dismissing Defendant's 1999 Rule 60.02 Motion. The Trial Court's Order of Dismissal does not provide the reason the Trial Court dismissed the 1999 Motion. The technical record clearly shows, however, that Defendant's 1999 Motion was not filed timely according to the requirements of Tenn. R. Civ. P. 60.02.

With respect to Defendant's claim that the Divorce Judgment should be set aside because of fraud under Tenn. R. Civ. P. 60.02(2), the rule clearly states that such a motion for relief from judgment should be filed within a reasonable time and "not more than one year after the judgment . . . was entered. . . ." Accordingly, Defendant's 1999 Motion, filed more than sixteen

years after the entry of the Divorce Judgment, fails to comply with Rule 60.02. Therefore, we find no abuse of discretion in the Trial Court's dismissal of Defendant's 1999 Rule 60.02(2) Motion. *See Banks v. Dement Constr. Co.*, 817 S.W.2d at 18; *Marcus v. Marcus,* 993 S.W.2d at 601.

Moreover, even if Defendant's Rule 60.02(2) 1999 Motion was timely filed, Defendant presents no proof in the record to show that Plaintiff made a fraudulent misrepresentation regarding his military pension before the Divorce Judgment was entered. *See* Tenn. R. Civ. P. 60.02(2); *Brown v. Brown*, 863 S.W.2d 432, 434 (Tenn. Ct. App. 1993). In fact, in Defendant's first Rule 60.02 motion, the 1983 Motion, Defendant alleged that the Property Settlement Agreement was incorporated into the divorce decree dated *May* 16, 1983. Defendant also alleged that she learned of her entitlement to a portion of Plaintiff's retirement on May 15, 1983, the day *before* the Divorce Judgment was entered. *See Brown v. Brown*, 863 S.W.2d at 434 (holding that to support a Rule 60.02 motion, defendant needed evidence that a fraudulent misrepresentation was made by plaintiff prior to the final judgment). Defendant does not allege that she did not know about Plaintiff's military pension but alleges only that she did not know that she was entitled to it until the day before the Divorce Judgment was entered. Defendant's allegation, even if true, is not fatal to the Divorce Judgment as "this is a mistake of *law* and not a mistake of *fact*. A mistake of law 'occurs when a party knows the facts of the case but is ignorant of the legal consequences.'" *Spruce v. Spruce*, 2 S.W.3d 192, 195 (Tenn. Ct. App. 1998) (quoting *Haas v. Haas*, No. 02A01-9709-CV-00241, 1998 WL 599529, at * 4 (Tenn. Ct. App. Sept. 11, 1989) (alterations in original)). Our Supreme Court held that "if 'ignorance of the law is a proper ground for relief under Rule 60.02 . . ., it is hard to conceive how any judgment could be safe from assault on that ground.'" *Id.* (quoting *Food Lion, Inc. v. Washington Co. Beer Bd.*, 700 S.W.2d 893, 896 (Tenn. 1985) (alterations in original)). Moreover, Defendant's unsworn allegations in her three Rule 60.02 motions do not constitute proof. *See State v. Draper*, 800 S.W.2d 489, 493 (Tenn. Ct. App. 1990) (holding that "[a]llegations contained in pleadings and statements made by counsel during a hearing or the trial are not evidence"). Accordingly, we hold that even if Defendant's Rule 60.02(2) 1999 Motion was timely filed, which it was not, the Trial Court did not abuse its discretion in dismissing the Motion since Defendant failed to establish by clear and convincing evidence that the Divorce Judgment needed to be set aside due to fraud. *See Banks v. Dement Constr. Co.*, 817 S.W.2d at 18; *Marcus v. Marcus,* 993 S.W.2d at 601.

Defendant also alleges on appeal that the Divorce Judgment should be set aside because it is void under Tenn. R. Civ. P. 60.02(3). As already discussed in this Opinion, the Trial Court in its 1998 Order resolved this issue by correcting the Trial Court Clerk's erroneous entry date of the Divorce Judgment. The Trial Court's 1998 Order resolving this question renders this issue moot.

In light of our holding, we find that Defendant's remaining issues on appeal are moot. We, therefore, need not address them any further.

We now address Plaintiff's argument that Defendant's appeal is frivolous. It appears from the record on appeal that Defendant is attempting to use Tenn. R. Civ. P. 60.02 to obtain more

than one bite at the apple. In fact, Defendant has used this rule, albeit unsuccessfully, to obtain three bites after entry of the Divorce Judgment. Defendant raised the issue of fraud in her 1983 Motion which was dismissed for failure to prosecute. She raised it again in her 1999 Motion, which also was dismissed. Defendant also twice raised the issue that the Divorce Judgment was void, citing the same grounds, that is, the clerical error in the date of entry of the Divorce Judgment. The Trial Court held a hearing on Defendant's 1998 Motion and entered an Order correcting this clerical error. That Order is final as no appeal was taken as to it.

Plaintiff argues that Defendant's appeal is frivolous and requests an award of attorneys' fees. Tenn. Code Ann. § 27-1-122 provides:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

A frivolous appeal is one "'devoid of merit,'. . . or one where there is little prospect that [an appeal] can ever succeed." *Industrial Dev. Bd. of the City of Tullahoma v. Hancock,* 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995) (quoting *Combustion Eng'g, Inc. v. Kennedy*, 562 S.W.2d 202 (Tenn. 1978)). In addition, this Court has held that "[f]ailure to cite any evidence or rule of law entitling the appealing party to relief is one indicator than the appeal may be frivolous." *Jackson v. Aldridge*, 6 S.W.3d 501, 504 (Tenn. Ct. App. 1999).

Plaintiff has incurred attorneys' fees because Defendant appealed the Trial Court's dismissal of her third Rule 60.02 motion disputing the 1983 Divorce Judgment. Defendant's appeal is devoid of merit and had no realistic prospect of success. Additionally, Defendant failed to cite any law supporting her position. Defendant's appeal is frivolous, and, therefore, we award Plaintiff's reasonable attorneys' fees and expenses incurred as a result of the appeal. On remand, the Trial Court shall determine the amount of Plaintiff's reasonable expenses and attorneys' fees incurred because of this appeal.

## CONCLUSION

The judgment of the Trial Court is affirmed and this cause is remanded to the Trial Court for such further proceedings as may be required, if any, consistent with this Opinion, and for collection of the costs below. The costs on appeal are assessed against the Appellant, Almeda Matthews Havely, and her surety.

D. MICHAEL SWINEY, JUDGE