IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs, January 30, 2012

## DANIEL LEE COLEMAN v. ANDREA GIBSON COLEMAN

**Appeal from the Circuit Court for Hamilton County**
**No. 10D116    Hon. Jacqueline S. Bolton, Judge**

---

**No. E2011-00974-COA-R3-CV-FILED-MAY 8, 2012**

---

In this divorce action the parties engaged in mediation and resolved several issues in the case. The Trial Court entered a Divorce Decree without conducting an evidentiary hearing on the disputed issues remaining.  The father appealed to this Court.  We affirm that part of the Divorce Decree that was based on the mediated agreements.  We vacate the Trial Court's Judgment awarding child support, and on the husband's disputed issue as to the allocation of marital debt.  We remand for an evidentiary hearing on these issues.

**Tenn.  R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part and Vacated in Part.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which  CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Lisa M. Mack, Chattanooga,  Tennessee, for the appellant, Daniel Lee Coleman.

Jennifer H. Lawrence, Chattanooga, Tennessee, for the appellee, Andrea Gibson Coleman.

## OPINION

Plaintiff, Andrea Gibson Coleman ("mother"), brought this action on January 5, 2010, against Daniel Lee Coleman ("father"), and in her Complaint stated the parties had been married since May 27, 2000, and that irreconcilable differences had arisen between them. She stated the parties had one minor child, Taylor, who was born February 5, 2003, and that she was the appropriate party to be designated as the primary residential parent, and attached

a proposed temporary parenting plan. She asked for an equitable division of the parties' assets and debts.

The father answered and filed a Counter-Complaint, admitting that irreconcilable differences existed, but denied the mother was entitled to a divorce. In his Counter-Complaint, the father stated the parties owned real property located at Crescent Club Drive which was acquired prior to the marriage and renovated during the marriage, and that they also owned property on 13th Street which was rental property. He alleged the mother was guilty of misconduct and that he be granted the divorce. He also asked that his proposed parenting plan be approved, and that he be awarded the Crescent Club property (with the mother getting half the equity) and that she be awarded the 13th Street property (with him getting half the equity).

The mother answered the Counter-Complaint, denying his allegations.

Subsequently, a Final Decree of Divorce and attached Parenting Plan was filed by the father, but rejected by the Court. The father also filed a document on July 16, 2010, entitled Defendant's Argument for Selection of Proposed Final Decree, Parenting Plan and Child Support Worksheet, which states that on April 14, 2010, the parties met in the office of Mary Ann Zaha for mediation, and they discussed issues regarding parenting and a home appraisal. The father stated that the parenting agreements were incorporated into a Parenting Plan which was presented to the parties at the next mediation date of May 25, 2010, and signed by them at that time. He stated that this Parenting Plan reserved the issues of child support and the tax exemption related to the child, and the Plan was attached. He concluded that updated payroll information and information regarding after-school care were to be sent to his attorney to determine the child support amount.

The father stated the parties mediated issues regarding assets/debts on May 25, 2010, and at the end of the session, the parties entered into an agreement, which was attached. The father stated that six issues remained: 1) child support calculation, 2) tax exemption for the child, 3) adding a provision that there will be no overnight guests of the opposite sex during parenting time, 4) that the rotation of summer parenting time will be Sunday to Sunday, 5) the amount of marital debt to be paid by the parties, and 6) the mother should only receive 1/4 of the mortgage interest deduction, as she only paid one-half of the mortgage for six months.

The father stated that regarding the child support calculation, the mother's updated payroll information showed that her income averaged $4,123.00 per month, and his information showed that he paid $164.52 per month for the child's health/dental insurance. The father also stated that if the parenting plan is put on a calendar, he should get credit for

147 days. He also stated that the costs of after-school care are $111.77 per month for the mother and $110.84 per month for him.

Regarding the division of debt, the father argued that an agreement had been reached at mediation that each party would pay $7,600.00 toward the marital debt, but since that time the mother had added more debt to her list (Kohl's and Chase). The father stated that he was willing to split the $15,200.00 originally agreed upon on, but no more. The father also argued that the mother should only receive 1/4 of the mortgage interest on the marital residence as a deduction, because she only paid half of the mortgage for half of the year. The father attached the mediated Parenting Plan, the mediated agreement, plaintiff's paycheck stub, an exhibit showing his insurance costs, exhibits showing the daycare costs, and a list of the marital debt used at mediation.

A Final Decree of Divorce was signed by the Trial Judge on August 31, 2010, which states that this matter came on before the Court for a final divorce hearing on June 15, 2010, and that the parties stipulated to a divorce at that time. The Decree states that the parties also announced they had reached an agreement regarding all parenting issues except child support, which they reserved for the Court to set. The Decree states the parties had attended mediation and signed an agreement which was to be incorporated into the Final Decree regarding the division of assets and debts, but that a dispute had arisen regarding the interpretation of paragraphs 8 and 9 of that agreement, dealing with the marital home equity and marital debt. Further, that upon a review of the child support worksheet submitted by the mother and the executed Parenting Plan, the Court was of the opinion that the Parenting Plan and Child Support Worksheet attached to the Decree as Exhibit A should be adopted as the Court's Order. The Decree states that the Court is also of the opinion that the plain language in paragraph 8 and 9 of the mediated agreement requires that the mother will quitclaim her interest in the marital home to the father, and that the father will refinance the home and upon closing, pay mother $8,200.00. The Decree provides the father will pay all marital debt other than the mortgage on the rental house, when refinancing is obtained.

Subsequent to the Decree, the father filed a Motion to Order Parties to Keep the Scheduled Mediation Date, wherein he stated that a mistake was made in the Final Decree and that the Decree should be amended pursuant to Tenn. R. Civ. P. 59 and 60. The father argued that the changes requested in the Defendant's Argument for Selection of Proposed Final Decree, Parenting Plan and Child Support Worksheet, should be made. He argued the mother's income was understated, that the division of days was incorrect for parenting time, that other errors affecting child support were made, that the tax exemption should alternate, that the division of debt was incorrect. The father thus argued that it was improper for the Court to sign the mother's proposed Final Decree which contained those errors.

A hearing was held on the Rule 59/60 motion on February 7, 2011. The Judge repeatedly told the parties that since there was no hearing, and no proof presented, but rather she was simply asked to interpret certain agreements and set child support, the Rule 60 was not the proper vehicle for getting a hearing, and the father should file a petition to modify.

The Court entered an Order on March 30, 2011, finding the parties had agreed to the following changes: 1) that the parenting plan would have a clause added that there would be no overnight guests of the opposite sex during parenting time, 2) that the summer rotation would change from Saturday to Saturday to Sunday to Sunday, and 3) that the mother would get to claim one quarter of the mortgage interest rather than one-half. The Court noted that the remaining issues had to do with the child support calculation and division of debt, and the Court denied defendant's Rule 59/60 motion regarding those issues. The father filed a Notice of Appeal.

The issues presented are:

1.      Whether the Trial Court erred in failing to hear the Rule 59/60 motion once it was made clear that manifest injustice had occurred?

2.      Whether the Trial Court erred in signing the Final Decree without having an evidentiary hearing, where the parties had not agreed to child support, the tax exemption issue, and division of marital debts?

3.      Whether the Trial Court erred by failing to follow the child support guidelines in setting child support without making any findings of fact with regard to income, insurance, child care, and the time spent with the child where the parties had not agreed?

4.      Whether the Trial Court erred or abused its discretion in failing to have an evidentiary hearing on the division of marital debts where the parties had not agreed?

5.      Whether the Trial Court erred or abused its discretion in signing the Final Decree without having a hearing to determine the appropriate tax exemption?

As to the so-called Rule 59/60 motion, the father's motion filed after entry of the Final Decree, while confusing and misleading, is clearly a motion seeking to alter/correct the Final Decree, and expressly states that it was brought pursuant to Rules 59 and 60. Despite the mother's assertions in her appellate brief, the father's motion was filed within 30 days of the Trial Court's Judgment, and was timely as a Rule 59 motion. *See* Tenn. R. Civ. P. 59.

Apparently, the Trial Court only focused on the Rule 60 aspects of the motion, as she said in denying it, "this is not a Rule 60 motion, and I have heard no proof. We are not going forward on this Rule 60 motion." The Trial Court erred in not addressing the propriety of the motion as a Rule 59 motion to alter or amend. As our Supreme Court has explained, "for thirty days after entry of a final judgment, motions for relief should be premised upon Rule 59." *Discover Bank v. Morgan*, 2012 WL 1005074 (Tenn. Mar. 27, 2012). As the Supreme Court stated, "[t]he purpose of Tenn. R. Civ. P. 59 motions is to prevent unnecessary appeals by providing the trial courts with an opportunity to correct errors before a judgment becomes final." *Id*. at 6.

While the Trial Court had the opportunity to correct the errors in this case, the appellant bears the responsibility for the manner in which he presented his motion.

The father argues the Trial Court erred in setting child support without hearing evidence. While the parties apparently agreed to reserve the issue of child support amount to be set by the Court, this could not be with no hearing, no proof, no factual findings based upon the proof, and no credibility determination where there was a dispute in the proof presented. Absent a stipulated agreement, the Trial Court was obligated to conduct a hearing to determine the correct amount of each party's income, the insurance costs, daycare costs, and all other facts which had to be "plugged in" to the child support worksheet to determine the proper amount of child support.

Regarding the tax exemption, the parties could not agree on its allocation and also reserved that issue to be determined by the Trial Court. The Final Decree signed by the Trial Judge does not resolve the issue either way. Even if the Trial Court had ruled on this issue, we have previously held that this decision "is discretionary and should rest on facts of the particular case". *Crews v. Staggs*, 2011 WL 2848745 (Tenn. Ct. App. May 31, 2011). We also stated that the allocation of the tax exemption is an aspect of a child support award, and must be considered along with the other components of said award. *Id.*

We vacate the Trial Court's Judgement pertaining to these issues, since an evidentiary hearing is necessary to determine the facts supporting a proposed amount of child support to be paid in this case, and the hearing should also address the proper allocation of the tax exemption as an aspect of that award.

Regarding the issues which the parties did agree upon in mediation, the Trial Court properly enforced the parties' written and signed settlement agreement. As this Court has previously explained:

[t]he Supreme Court recently reiterated that written and signed mediation agreements must also be "analyzed under contract law", as was recognized both in *Harbour* and *Environmental*. *Ledbetter v. Ledbetter*, 2005 WL 775386 (Tenn. Apr.7, 2005). Moreover, this Court has previously held that signed, written settlement agreements are enforceable as contracts, under general principles of contract law. See *Vaccarella v. Vaccarella*, 49 S.W.3d 307 (Tenn. Ct. App. 2001); *Persada v. Persada*, 2002 WL 31640564 (Tenn. Ct. App. Nov. 22, 2002); *Golden v. Hood*, 2000 WL 122195 (Tenn. Ct. App. Jan. 26, 2000).

*Also see, Myers v. Myers*, 2005 WL 936925 (Tenn. Ct. App. Apr. 22, 2005).

For the foregoing reasons, we affirm the Judgment of the Trial Court which enforced the Mediation Contract between the parties.

Accordingly, the parties' signed mediation agreement should be enforced as any other contract.

The father informed the Trial Court in his brief filed in July that he felt he should only have to pay the amount of marital debt that was originally disclosed in mediation, which was what he agreed to in the written agreement, and should not be held responsible for additional debt which the wife added thereafter (i.e. Kohl's and Chase). The father stated that he did not agree to pay those debts and explained his intent in executing the mediation agreement, but they were listed as his responsibility in the proposed Final Decree which was filed by the wife and ultimately signed by the Court.

The Court also signed the mother's proposed order rather than holding a hearing on this issue. Again, the Court erred in implementing the parties' written and signed agreement, where there was a clear dispute regarding the meaning or basis of the same, and the Court should have held a hearing to determine the parties' intent, as with any other contract. *See, e.g.*, *Myers*. While it is true the father could not be released from his agreed obligation due simply to a "change of heart," if he could prove that the marital debt amount was misrepresented at mediation and thus that his agreement to pay the same was based on an incorrect understanding, this would be a different issue. We have often held that it is proper to look at circumstances surrounding the formation of the contract to determine the intent of the parties and interpret the meaning of its content. *Gray v. Shoney's, LLC*, 2006 WL 3093217 (Tenn. Ct. App. Oct. 31, 2006). Accordingly, the Trial Court erred in failing to conduct a hearing on this issue where the father raised a material dispute regarding the parties' agreement and alleged misrepresentation and mistake in its formation.

The Trial Court's Judgment regarding child support is vacated, and the cause is remanded for a hearing regarding the facts required to set child support, a proper determination regarding the monthly child support amount and the determination regarding allocation of the tax exemption. The Court will also be required to hold a hearing regarding the proper interpretation of the parties' agreement regarding the amount of marital debt to be paid by the father.

The cause is remanded for further proceedings consistent with this Opinion. The cost of the cause, in our discretion, is assessed one-half to each party.

_____
HERSCHEL PICKENS FRANKS, P.J.