IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 13, 2005

## KENNETH EDWARD WINN v. HALLIE JONES WINN

**An Appeal from the Circuit Court for Cumberland County**
**No. CV 003905      John A. Turnbull, Judge**

---

**No. E2004-01057-COA-R3-CV - FILED AUGUST 8, 2005**

---

This is a divorce case. The husband filed a petition for divorce after five years of marriage. Following a trial, the trial court entered a final decree detailing the equitable distribution of the parties' property. The wife filed a motion to alter or amend the decree, arguing, among other things, that some of the property awarded to the husband was not marital property. The trial court denied that motion. The wife now appeals. We affirm, noting that, in the absence of a transcript or a statement of the evidence, we must presume that the evidence supported the trial court's rulings related to the equitable distribution of the parties' property.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Brandy Boyd Slaybaugh and Norbert J. Slovis, Knoxville, Tennessee, for the appellant, Hallie Jones Winn.

Melaney G. Madewell, Cookeville, Tennessee, for the appellee, Kenneth Edward Winn.

**MEMORANDUM OPINION**[1]

    Plaintiff/Appellee Kenneth Edward Winn ("Husband") and Defendant/Appellant Hallie Jones Winn ("Wife") were married on June 12, 1998. At that time, Husband was forty-eight years old and Wife was sixty years old. No children were born of the marriage.

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

On May 7, 2003, Husband filed a petition for divorce in the trial court below, alleging as grounds irreconcilable differences and cruel and inhuman treatment by Wife. On May 16, 2003, Wife filed an answer and a counterclaim for divorce. Wife admitted that the parties had irreconcilable differences, but denied that she was guilty of cruel and inhuman treatment. She asserted that Husband had been guilty of inappropriate marital conduct, which Husband later denied.

The bench trial was held on December 9, 2003. The appellate record includes neither a transcript of the testimony nor a certified statement of the evidence under Rule 24(c) of the Tennessee Rules of Appellate Procedure. The record includes only the technical record and the exhibits introduced into evidence at trial.

On January 14, 2004, the trial court entered a final decree of divorce. The decree set out the equitable distribution of the parties' property, based on the "statements of counsel, testimony of the parties and witnesses, [and] a review of the record as a whole." In the decree, however, the trial court reserved an issue on the ownership of three life insurance policies insuring the life of Wife.

On February 13, 2004, Wife filed a motion to alter or amend the final decree, challenging the trial court's characterization of certain property as marital property and submitting supplemental documentation to support her arguments. On March 17, 2004, Husband filed a motion seeking an order holding Wife in contempt of court, claiming that Wife refused to give him certain property and destroyed or damaged other property that was awarded to him in the final decree. After a hearing, on May 6, 2004, the trial court entered an order denying Wife's motion to alter or amend, but reserving for a later hearing Husband's petition for contempt. Wife appealed that order to this court. The appeal was dismissed as premature, however, because the trial court had not yet ruled on the ownership of the insurance policies. On December 20, 2004, the trial court entered an "Amended Final Decree," resolving the issues regarding the insurance policies and reconfirming the original final decree. Wife now appeals the trial court's decision.

On appeal, Wife challenges several of the trial court's rulings relating to the equitable distribution of the parties' property, as set out in the final decree. She argues that the trial court erred in (1) determining Husband's portion of the equity in the marital home; (2) determining that a 1984 Chevy truck was marital property; (3) determining that a 1987 Chevy truck was marital property; (4) determining that certain real property on Lake Tanzi was marital property; (5) determining that certain tracts of undeveloped real property on Turkey Blind Road constituted marital property and that Wife had dissipated the parties' assets by giving away this property to members of her family; and (6) denying Wife's motion to alter or amend the divorce decree or grant a new trial.

The trial court's findings of fact are reviewed *de novo* on the record, with a presumption that those findings are correct unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d). However, in the absence of a transcript of the proceedings below or a statement of the evidence, we are unable to review the evidence to determine where the preponderance lies. "Since any issues as to the equitable division of marital property are factually driven, we conclusively presume that evidence supports the Trial Court's division of marital property, since no evidentiary record has been

presented to this Court." ***Greene v. Greene***, No. E2002-02611-COA-R3-CV, 2003 WL 22409454, at *1 (Tenn. Ct. App. Oct. 22, 2003); *see also **Vaccarella v. Vaccarella***, 49 S.W.3d 307, 315 (Tenn. Ct. App. 2001); ***Sherrod v. Wix***, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992); ***Irvin v. City of Clarksville***, 767 S.W.2d 649, 653 (Tenn. Ct. App. 1988). In this case, all issues raised in this appeal relate to the trial court's decisions regarding the equitable division of the parties' property, and all of Wife's arguments are based on the premise that the trial court's conclusions are contrary to the preponderance of the evidence. Without a transcript of the proceedings or a statement of the evidence, we have no choice but to presume that the trial court's determinations were supported by the testimony and the other evidence at trial. Accordingly, the trial court's Amended Final Decree must be affirmed in its entirety.

The decision of the trial court is affirmed. Costs on appeal are to be taxed to Appellant Hallie Jones Winn, and her surety, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE