IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 15, 2008 Session

## STATE OF TENNESSEE, ex rel. BEE DESELM, et al., v. TENNESSEE PEACE OFFICERS STANDARDS COMMISSION, et al.

**Direct Appeal from the Chancery Court for Davidson County, Part III**
**No. 07-343-III    Hon. Ellen Hobbs Lyle, Chancellor**

---

**No. M2007-01855-COA-R3-CV - Filed October 16, 2008**

---

Plaintiffs brought this action against the Tennessee Peace Officers Standards Commission, the Tennessee Attorney General, Knox County Mayor and Timothy Hutchison seeking declaratory judgment that Hutchison was disqualified to serve as a deputy sheriff of Knox County. Responding to a Motion to Dismiss, the Chancellor dismissed the action and, on appeal, we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, P.J.M.S., and SHARON G. LEE, J., joined.

Herbert S. Moncier, Knoxville, Tennessee, for Plaintiffs/Appellants.

Robert E. Cooper, Jr., Attorney General and Reporter, Michael E. Moore, Solicitor General, and William R. Lundy, Jr., Assistant Attorney General, Nashville, Tennessee, for Appellees, Tennessee Peace Officers Standards and Training Commission and Tennessee Attorney General.

Mary Ann Stackhouse, Knoxville, Tennessee, for Appellee, Knox County Mayor Mike Ragsdale.

Gary M. Prince and Jeffrey R. Thompson, Knoxville, Tennessee, for Appellee, Timothy Hutchison.

**OPINION**

Plaintiffs filed a Complaint against the Tennessee Peace Officers Standards Commission, Tennessee Attorney General Robert Cooper, Jr., Knox County Mayor Mike Ragsdale, and Timothy Hutchison, seeking a declaratory judgment that Hutchison was disqualified to be a Tennessee Certified Law Enforcement Officer and Deputy Sheriff for Knox County, due to his contempt convictions for making false statements to a court, for dishonest acts, and for participating in political activity.

Plaintiffs sought a declaratory judgment and mandamus commanding the Tennessee Peace Officers Standards and Training Commission to revoke Hutchison's certification as a law enforcement officer, suspending him from the office of deputy sheriff, a writ of mandamus commanding Ragsdale not to sign checks to Hutchison, and seeking removal and ouster of Hutchison.

Plaintiffs alleged that Hutchison was convicted of six counts of criminal contempt in a case styled *Moody v. Hutchison*, for making false statements to the court. Further, *Jordan v. Knox County*, 2007 WL 92351 (Tenn. 1/12/07), held that Knox County's Charter Term Limits were valid and applied to the office of Knox County sheriff, and that after a valid election was held electing the new sheriff, J. J. Jones, Jones appointed Hutchison to the office of deputy sheriff, when he did not meet the qualifications because of his criminal convictions. Plaintiffs further alleged that Hutchison had participated in political activity as a deputy sheriff, in violation of various statutes, but the Attorney General had issued an opinion finding that convictions for criminal contempt of court for making false statements to a court were not "offenses relating to dishonesty" for the purposes of Tenn. Code Ann. §38-8-106(4).

Essentially, plaintiffs sought a declaratory judgment that such convictions did disqualify Hutchison from being a certified law enforcement officer and deputy sheriff, and sought to have his certification revoked and remove him from office.

Mayor Ragsdale filed a Motion to Dismiss, asserting that plaintiffs had failed to state a claim, that venue was improper, that plaintiffs lacked standing, that the lawsuit was barred by the doctrine of prior cases pending in Knox County, collateral estoppel and res judicata, etc. A similar motion was filed on Hutchison's behalf, as well as the POST Commission and the Attorney General.

Plaintiffs then filed a Rule 15.01 Motion to Amend, seeking to amend their Complaint to state that plaintiffs' claims were based on deprivation of substantive due process, and to make clear that no monetary judgment was sought against any defendant other than Hutchison.

The Court issued a Memorandum and Order on May 30, 2007, and found that the claims against Ragsdale, Hutchison, and the Attorney General had to be dismissed for improper venue, failure to state a claim, lack of standing, and sovereign immunity. The Court found that

plaintiffs' claims against POST were colorable, but that the Court had no jurisdiction until plaintiffs filed a complaint with POST and exhausted their administrative remedies. The Court found that the claims against Ragsdale and Hutchison were localized in Knox County, and thus venue was improper. The Court held that plaintiffs did not have standing to bring an ouster or Little Hatch Act claim, and that the claims against the Attorney General were barred by sovereign immunity. Finally, the Court held that it had no jurisdiction to hear a claim against POST until the administrative remedies had been exhausted, and that the filing of a claim with POST was not barred by res judicata.

Plaintiffs then filed a Motion to Alter or Amend, seeking to have the Court consider the claim against POST by virtue of having filed a claim with POST on May 30, 2007 (immediately after the judgment went down), and also sought to have the dismissal of the claims against POST reversed because POST had not plead that administrative remedies were not exhausted. The Court denied the motion on June 4, 2007, and on June 7, 2007, plaintiffs filed a "Supplemental Filing in Support of T. R. Civ. P. 59.04 Motion to Alter or Amend this Court's Memorandum Dated May 30, 2007", and attached a claim filed with POST on June 1, 2007. On June 15, 2007, plaintiffs filed a Motion to Supplement Complaint, to add events that had happened since the filing of the first Complaint. Plaintiffs then filed a Motion to Renew their earlier Motion to Alter or Amend.

After numerous filings by the parties, the Court issued a Memorandum and Order on June 28, 2007, and found that plaintiffs' latest motion had to be denied, because the Court had already dismissed plaintiffs' claims, had denied plaintiffs' subsequent motion to alter or amend, and thus the lawsuit could not be resurrected. The Court suggested that the plaintiffs could file a new lawsuit, and plaintiffs had done so, but denied plaintiffs relief in any event.

These issues are presented for review:

1.      Does sovereign immunity forbid bringing a declaratory judgment action as to the validity of an attorney general opinion?

2.      Do appellants have standing to bring actions for declaratory judgment and seek additional relief?

3.      Were appellants entitled to Tenn. R. Civ. P. 59.04 relief from the May 30, 2007, Memorandum Opinion pending POST's administrative actions on appellants' complaints?

4.      Were appellants entitled to file a supplemental Complaint, seek injunctive relief, and renew their Tenn. R. Civ. P. 59.04 motion?

5.      Was venue as to Hutchison and Ragsdale proper in Davidson County?

Appellants argue that the Trial Court erred in holding that sovereign immunity barred

their claims for a declaratory judgment action pertaining to an opinion issued by the Attorney General. Appellants rely on the opinion in *Campbell v. Sundquist*, 926 S.W.2d 250 (Tenn. 1996), wherein the Supreme Court ruled that the plaintiffs could bring suit against the State under the Declaratory Judgment Act challenging the constitutionality of a state statute. In that opinion, the Court relied upon the express language of the Act, which states that any person "whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under" said statute or ordinance. *Id.*, see also Tenn. Code Ann. §29-14-103.

*Campbell* is clearly distinguishable from this case, in that attorney general opinions are neither statutes nor municipal ordinances, nor any of the other types of instruments referred to in the Declaratory Judgment Act. Attorney general opinions are persuasive in nature, but do not carry the weight of law. *City of Cleveland v. Bradley County*, 1999 WL 281086 (Tenn. Ct. App. Apr. 16, 1999). The other difference is that the appellants' rights/status were not directly affected by the opinion in issue, which dealt with Hutchison's certification as a peace officer. The Trial Court correctly ruled that appellants' claim under the Declaratory Judgment Act against the Attorney General regarding said opinion was barred by sovereign immunity. Additionally, we know of no cause of action under which a party can sue the Attorney General on the basis of disagreement with an opinion issued by the Attorney General.

Appellants next argue that the Trial Court incorrectly ruled that they did not have standing to pursue their claims of ouster pursuant to Tenn. Code Ann. §8-47-102, nor their claims under the Little Hatch Act, found at Tenn. Code Ann. §2-19-202 *et seq*. The Trial Court held that claims under the Little Hatch Act had to be filed by the Attorney General pursuant to Tenn. Code Ann. §2-19-208, because it provides for only a criminal penalty, which is accurate. Violations of the Act are a misdemeanor, and there is no provision in the Act for a private right of action. Also, the Trial Court found that ouster suits had to be filed by the Attorney General, or county/city attorneys, as set forth in the ouster statute. Tenn. Code Ann. §8-47-102 expressly provides that these are the only individuals empowered to bring such an action.

Appellants argue that pursuant to *Bennett v. Stutts*, 521 S.W.2d 575 (Tenn. 1975), private citizens can bring such a suit if they show a special interest or special injury not common to the public generally. Appellants state that they have shown such a special interest, in that they are "public spirited citizens" who are trying to protect local taxpayers. Clearly, this is not adequate to show a special interest or injury that is not common to the general public, as citizens of Knox County are taxpayers. The Trial Court properly held that appellants did not have standing to bring these claims.

Appellants take issue with the Trial Court's ruling on venue, as the Trial Court found that the claims against Hutchison and Ragsdale were localized to Knox County, and thus the Davidson County Chancery Court was an improper venue. The Trial Court was correct in its ruling, as the statute regarding venue expressly states:

(a) In all civil actions of a transitory nature, unless venue is otherwise expressly provided for, the action may be brought in the county where the cause of action arose or in the county where the defendant resides or is found.

(b) If, however, the plaintiff and defendant both reside in the same county in this state, then such action shall be brought either in the county where the cause of action arose or in the county of their residence.

(c) Where the action is brought either in the county where the cause of action arose or in the county where the defendant resides, process may be sent to another county as in local action, and it shall not be necessary nor required that the defendant be in the county of action either when the action is commenced, or during the time between the commencement of the action and service of process.

Tenn. Code Ann. §20-4-101.

As the Trial Court found, both Ragsdale and Hutchison reside in Knox County and the events in issue occurred in Knox County and there was, therefore, no basis for filing suit against the defendants in Davidson County. The issue is without merit.

Appellants also argue that the Court erred in failing to grant them Rule 59 relief from the May 30, 2007 judgment, because they immediately filed a claim with POST after the judgment was entered. As the Trial Court found, however, the proper remedy would be for appellants to re-file their lawsuit after their administrative remedies were exhausted, and the Trial Court did not abuse its discretion in denying appellants Rule 59 relief. As we have previously explained, the purpose of a Rule 59 motion is to allow the trial court to correct a mistake before a judgment becomes final, and may be granted "(1) when the controlling law changes before a judgment becomes final, (2) when previously unavailable evidence becomes available, or (3) when, for sui generis reasons, a judgment should be amended to correct a clear error of law or to prevent injustice." *Vaccarella v. Vaccarella*, 49 S.W.3d 307 (Tenn. Ct. App. 2001). None of these conditions appeared in this case. The filing of a claim on the day of the judgment does not warrant relief on this record.

Likewise, appellants' complaints regarding the Trial Court's denial of their later Rule 59 motion are also meritless. Appellants had already sought Rule 59 relief from the Court's order, which was denied, but they filed a motion seeking to "renew" their earlier Rule 59 motion, which did not state any new basis for relief.

Appellants argue that the Court abused its discretion in denying their motion to supplement their complaint, but as this Court has explained, "[t]he trial court's decision to deny a motion to amend a complaint is reviewed under an abuse of discretion standard." *Merriman v. Smith*, 599 S.W.2d 548, 559 (Tenn. Ct. App.1979). The Supreme Court has summarized the abuse of discretion standard of review as follows:

A trial court's ruling "will be upheld so long as reasonable minds can disagree as to the propriety of the decision made." A trial court abuses its discretion only when it "appl[ies] an incorrect legal standard, or reach[es] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining." The abuse of discretion standard does not permit the appellate court to substitute its judgment for that of the trial court.

*Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001)(citations omitted).

Factors to be considered by the court in determining whether to grant a motion to amend include: "[u]ndue delay in filing; lack of notice to the opposing party; bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Merriman*, 599 S.W.2d at 559.

In this case, appellants sought to amend their complaint after the final order had been entered by the Trial Court dismissing their claims, and after the Rule 59 motion seeking to alter and amend the order had been denied. The amendment was arguably untimely, and would have prejudiced the opposing party by renewing claims that had already been dismissed. Reasonable minds could disagree about the propriety of the decision, and the Trial Court did not abuse its discretion.

The Judgment of the Trial Court is affirmed, and the cost of the appeal is assessed to the plaintiffs, collectively.

_____
HERSCHEL PICKENS FRANKS, P.J.