IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 22, 2013 Session

**ANGELA DENISE JONES v. MARK ALLEN JONES**

**Appeal from the General Sessions Court for Wilson County**
**No. 2011DC124     John Thomas Gwin, Judge**

---

**No. M2012-02558-COA-R3-CV - Filed September 24, 2013**

---

Wife signed a marital dissolution agreement that was incorporated into a final divorce decree. After the final decree was entered, wife sought relief from the decree based on assertions that she was entitled to a greater portion of a settlement received by her husband prior to the divorce and that, contrary to the parties' agreement, there was equity in the marital home. The trial court denied wife's motion to alter or amend, and we find no abuse of discretion in the trial court's decision.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, M.S., P.J, and  RICHARD H. DINKINS, J., joined.

Dean Robinson, Mt. Juliet, Tennessee, for the appellant, Angela Denise Jones.

John Lyons Meadows, Lebanon, Tennessee, for the appellee, Mark Allen Jones.

**OPINION**

FACTUAL AND PROCEDURAL BACKGROUND

Angela Denise Jones ("Wife") and Mark Allen Jones ("Husband") were married in 1995 and had four children.  Wife filed a complaint for divorce in September 2011 on grounds of irreconcilable differences and inappropriate marital conduct; at that time, Wife and Husband had three living children.  Husband answered and counterclaimed for divorce and named the same two grounds.

Husband entered into a settlement agreement with Nissan, his former employer, in January 2012.  In March 2012, the parties entered into an agreed protective order requiring

all parties and their attorneys to maintain the confidentiality of information regarding the settlement provided by Husband to Wife in discovery. Under the terms of his settlement agreement with Nissan, Husband received compensation for back pay, compensatory and other claimed damages, and attorney fees.

Husband and Wife met together with their attorneys on May 1, 2012 for approximately nine hours; they executed a marital dissolution agreement ("MDA") and permanent parenting plan. The marital dissolution agreement provides that "[t]he parties agree that there is not any equity in the Marital Home, and all indebtedness related thereto is solely in Husband's name." Under the terms of the MDA, Wife was to receive a one-time payment of $56,000 payable to her and her attorney within ten days of the entry of the MDA "as a settlement of all claims by Wife against Husband, for payment of Wife's attorney fees, and for Wife to pay all existing debts she has agreed to pay per this Agreement." Neither party received alimony. The permanent parenting plan deviated from the child support guidelines in that Husband was not required to pay monthly child support "[d]ue to the large amount of time spent with the minor children, payments for their activities, health care, and other expenses." Husband agreed to be responsible for expenses associated with the children's extra-curricular activities, their school expenses, and the cost of their clothing and shoes.

In a final decree entered on May 2, 2012, the trial court found the MDA and permanent parenting plan to be "fair and equitable for both parties and their children" and granted the divorce on grounds of irreconcilable differences. The MDA and parenting plan were approved and incorporated into the final decree.

On May 31, 2012, after receiving a check for $56,000 and executing a quit claim deed of the marital home to Husband, Wife filed a pro se motion to alter or amend the judgment under Tenn. R. Civ. P. 59 or 60. In her motion, Wife alleged that she "did not fully understand the full contents of the settlement agreement awarding the judgment [against Nissan] and was simply advised before signing the Marital Dissolution Agreement that the judgment award was 'separate property.'" She also requested a determination concerning the validity of the parenting plan provisions regarding child support. Wife's attorney was permitted to withdraw as counsel, and Wife retained new counsel. On August 21, 2012, Wife (through new counsel) filed an amended motion to alter or amend the judgment with Wife's affidavit; on September 20, 2012, Wife filed a second amended motion to alter or amend the judgment.

On October 1, 2012, Wife filed a third amended motion to alter or amend the judgment pursuant to Rule 59 and another affidavit. She requested that the previous amended motions be deleted and that this third amended motion be considered instead. In her affidavit, Wife described in detail conversations with her previous attorney and the

circumstances surrounding the signing of the MDA.

In an order entered on October 23, 2012, the trial court denied Wife's motion to alter or amend the final decree of divorce, stating that, "[u]nder the facts presented, Wife is not entitled to set aside or alter/amend the Final Decree of Divorce, nor the Marital Dissolution Agreement or Permanent Parenting Plan incorporated therein." The court also ordered Wife to be responsible for Husband's reasonable attorney fees and expenses incurred in defense of the final decree.

On appeal, Wife cites Tenn. R. Civ. P. 59 and 60 and makes various arguments to support her position that the trial court erred in denying her request for relief from the final decree. In addition to arguing in favor of the trial court's decision, Husband requests his attorney fees incurred in the appeal.

STANDARD OF REVIEW

Wife's initial motion to alter or amend was filed and served within 30 days of the entry of the final decree.[1] She argues for relief under both Rule 59 and Rule 60[2] of the Tennessee Rules of Civil Procedure. Because her initial motion was filed prior to the judgment becoming final, Rule 59 is the applicable rule. *Ferguson v. Brown*, 291 S.W.3d 381, 387 (Tenn. Ct. App. 2008).

We review a trial court's denial of a Rule 59 motion under an abuse of discretion standard. *Chambliss v. Stohler*, 124 S.W.3d 116, 120 (Tenn. Ct. App. 2003). An abuse of discretion occurs "only when [the trial court] 'applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining.'" *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (quoting *State v. Shirley,* 6 S.W.3d 243, 247 (Tenn. 1999)). Under this standard, we are required to uphold the ruling "as long as reasonable minds could disagree about its correctness." *Caldwell v. Hill*, 250 S.W.3d 865, 869 (Tenn. Ct. App. 2007). Furthermore, "we are not permitted to substitute our judgment for that of the trial court." *Id.* Thus, under the abuse of discretion standard, we give great deference to the trial court's decision. *See Henry v. Goins*, 104 S.W.3d 475, 479 (Tenn. 2003).

ANALYSIS

---

[1]Tennessee Rule of Civil Procedure 59.04 provides that "[a] motion to alter or amend a judgment shall be filed and served within thirty (30) days after the entry of a judgment."

[2]Tennessee Rule of Civil Procedure 60.02 provides, in pertinent part, that a court may relieve a party from a final judgment for "mistake, inadvertence, surprise or excusable neglect" or fraud.

1.

Wife asserts that, for various reasons, the trial court erred in denying her request for relief from the final decree. She argues that the trial court erred in failing to identify and classify all of the parties' property and that the division approved by the trial court was not fair and equitable. Citing her affidavit, Wife also argues that the trial court erred in failing to provide relief from the judgment because her previous counsel gave her erroneous advice concerning the classification of the Nissan settlement money and because, contrary to the statement in the MDA, there was equity in the marital home. We find no error in the actions of the trial court.

Tennessee Code Annotated section 36-4-103(b) provides:

> No divorce shall be granted on the ground of irreconcilable differences unless the court affirmatively finds in its decree that the parties have made adequate and sufficient provision by written agreement for the custody and maintenance of any children of that marriage and for the equitable settlement of any property rights between the parties.

The decree in this case specifically states that the court found the provisions in the MDA and permanent parenting plan to be fair and equitable. On appeal, Wife asserts that the trial court was required to describe and classify all of the parties' assets as marital and separate in order to make an equitable division of property.

Wife's argument reflects a misunderstanding of the nature of an irreconcilable differences divorce. When a party requests that a trial court divide the marital estate in a contested divorce, the court must first classify all of the assets as marital or separate. *See* Tenn. Code Ann. § 36-4-121(a). Under Tenn. Code Ann. § 36-4-121(g)(1), however, "[n]othing in this section shall be construed to prevent the affirmation, ratification and incorporation in a decree of an agreement between the parties regarding the division of property."

A marital dissolution agreement is essentially a contract, and pursuant to the rules of construction, we ascertain the intent of the parties from the natural and ordinary meaning of the contractual language. *Barnes v. Barnes*, 193 S.W.3d 495, 498 (Tenn. 2006); *Johnson v. Johnson*, 37 S.W.3d 892, 896 (Tenn. 2001). In the MDA, Husband and Wife agreed that there was no equity in the marital home and that the payment of $56,000 by Husband to Wife constituted "a settlement of all claims by Wife against Husband." Each party to the MDA also acknowledged that "the Agreement is fair and equitable and that it is being entered into voluntarily." The trial court was not required to have a formal hearing unless it found that

-4-

the parties had not made adequate provisions for property division or the custody and maintenance of the children. *See Vaccarella v. Vaccarella*, 49 S.W.3d 307, 313 (Tenn. Ct. App. 2001). Instead, "the parties chose to settle their differences through written agreement and forego their right to a hearing." *Id.* at 314.

Wife's third amended motion to alter or amend includes the following pertinent allegations in support of her request for relief from the final decree:

A. As cited within the Affidavit of Plaintiff, . . . it is suspected that the "back wages" ($[] pre-tax and $[] post-tax) awarded to Defendant (settled in January 2012 on contractually confidential terms) resulting from a disability discrimination settlement with Nissan should have been calculated as gross income and therefore should have been used to calculate child support. . . .

B. As cited within the aforesaid Affidavit of Plaintiff, . . . it is suspected that the "non-wage compensatory and other damages" ($[] pre-tax of which taxes were unpaid as of March 26, 2012) awarded to Defendant (settled in January 2012 on contractually confidential terms) resulting from the same disability discrimination settlement with Nissan should have been calculated as marital property to which Wife was entitled to one-half.

C. Plaintiff avers that whether by mutual mistake of law or by intentional and/or negligent misrepresentation, the Marital Dissolution Agreement is silent regarding the settlement proceeds cited in 4A and 4B above. Further Plaintiff avers the aforesaid proceeds represent large marital assets that remain undivided, and the Marital Dissolution Agreement should therefore be altered or amended as a contract so that said assets may be properly distributed.
. . .
E. As cited within the aforesaid attached Affidavit of Plaintiff . . . it is suspected that the equity in the house was erroneously calculated. Plaintiff avers that the Marital Dissolution Agreement regarding the marital, real property should be amended to specify that she be awarded one-half (1/2) the equity to which she was entitled. As cited within the Affidavit, Plaintiff avers that when she requested an appraisal at mediation, she was told that she would be required to go through the Court to request an appraisal be done to determine the fair market value of the marital residence thereby protracting her litigation fees and attorney costs. Plaintiff further avers that Defendant's responses to Interrogatories state that the balance on the mortgage was between $120,000.00 and $130,000.00 and Defendant's attorney told her that comparable sales figures for their neighborhood indicated that there was no

equity in the marital residence. Upon further investigation, the records show two original mortgages in the total amount of $145,000.00 in 2003; and a 2010 tax card that reflects the appraised value of the marital residence at $189,900.00. . . .

F. Plaintiff avers that the Marital Dissolution Agreement is silent regarding the amount owed on the two original mortgages on the marital residence as well as any equity in the residence and the fair market value of the residence as of the date the Marital Dissolution Agreement was executed and would state that such an omission arises from unilateral mistake; mutual mistake of fact; intentional and/or negligent misrepresentation and intentional and/or negligent concealment of material facts. Therefore, Plaintiff avers that the section of the Marital Dissolution Agreement that specifies the distribution of marital/real property should therefore be altered or amended thereby entitling her to one-half (1/2) of the equity in the marital residence.

A motion for relief under Tenn. R. Civ. P. 59 "permits the trial court to revisit and rectify errors that were made when the court overlooked or failed to consider certain matters." *Morrison v. Morrison*, No. W2001-02653-COA-R3-CV, 2002 WL 31423848, at *2 (Tenn. Ct. App. Oct. 29, 2002). Such a motion "should not be granted when the movant is simply seeking to relitigate a matter that has already been adjudicated." *Id.* A Rule 59 motion may be granted when the controlling law changes before the judgment becomes final, when new evidence becomes available or "when, for sui generis reasons, a judgment should be amended to correct a clear error of law or to prevent injustice." *Whalum v. Marshall*, 224 S.W.3d 169, 175 (Tenn. Ct. App. 2006) (quoting *Bradley v. McLeod*, 984 S.W.2d 929, 933 (Tenn. Ct. App. 1998)).

In her motion to alter or amend the final decree and on appeal, Wife asserts that she was legally entitled to more of the Nissan settlement and that, contrary to the terms of the MDA, there was equity in the marital home. There is no dispute about the fact that Wife knew about the settlement agreement before she entered into the MDA. The parties engaged in discovery and entered into an agreed protective order regarding the confidentiality of the terms of the Husband's settlement with Nissan. Wife chose to decline further investigation concerning the fair market value of the marital home. All of the pertinent information was available to Wife before she entered into the MDA. Evidence about which a party could have known through the exercise of reasonable diligence does not justify relief under Rule 59. *Madu v. Madu*, No. M1999-02302-COA-R3-CV, 2000 WL 1586461, at *4 (Tenn. Ct. App. Oct. 25, 2000).

Wife's other assertion is that her attorney gave her bad advice concerning her legal

rights with respect to the Nissan settlement.[3]  A mistake of law occurs "when a party is aware of the operative facts but is unaware of the legal consequences arising from these facts."  *Id.* at *5.  A mistake of law is not a basis for relief from a judgment.  *Id.*  Except in limited circumstances not applicable here, a client is bound by the actions of his or her attorney during the course of litigation.  *Id.*

We find no abuse of discretion in the trial court's denial of Wife's motion to alter or amend the final decree of divorce.[4]

2.

Husband asks this court to award him his attorney fees incurred in the instant appeal. Tennessee Code Annotated section 27-1-122 authorizes an award of attorney fees incurred in defending a frivolous appeal.  Wife and Husband knowingly and voluntarily entered into an MDA which was incorporated into a final decree of divorce.  In this appeal, Wife has presented no cogent reasons to entitle her to relief from the judgment.  We consider this appeal frivolous and therefore order that Husband be awarded his reasonable attorney fees incurred in this appeal.

CONCLUSION

The judgment of the trial court is affirmed.  Costs of the appeal are assessed against the appellant, and execution may issue if necessary.

_____<br>ANDY D. BENNETT, JUDGE

---

[3]While we need not resolve the issue, Husband asserts that, pursuant to Tenn. Code Ann. § 36-4-121(b)(1)(C), the non-wage portion of the settlement was not marital property.

[4]Wife's brief also includes a short argument regarding an alleged error in the child support worksheet included with the permanent parenting plan.  We find no abuse of discretion in the trial court's denial of relief from the judgment on this ground.